IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

QUAR'TAVIS DEMONTEZ MULDREW                                              PLAINTIFF

v.                                    Civil No. 4:24-CV-04093-BAB

LIEUTENANT KAREN GHORMLEY,
Nevada County Detention Center (NCDC),                                   DEFENDANT

## MEMORANDUM AND ORDER

Plaintiff Quar'tavis Demontez Muldrew initiated the above-captioned pro se civil rights action pursuant to 42 U.S.C. § 1983 when he was incarcerated at the Nevada County Detention Center ("NCDC"). Plaintiff proceeds *pro se* and *in forma pauperis* ("IFP"). (ECF No. 7). Pursuant to 28 U.SC. § 636(c), all parties have consented to the jurisdiction of the magistrate judge to conduct all proceedings and for the entry of judgment in this matter. *See* (ECF No. 21). Before the Court is Plaintiff's failure to comply with court orders and failure to prosecute this case.

## BACKGROUND

Upon initial review of Plaintiff's original complaint pursuant to 28 U.S.C. § 1915A(a), this Court concluded that the complaint contained improperly joined claims and ordered that those claims be severed from this action in accordance with Fed. R. Civ. P. 21. (ECF No. 2). This Court also ordered that Plaintiff submit an amended complaint *only* concerning his claims against Defendant Ghormley regarding his conditions of confinement at the Nevada County Detention Center ("NCDC"). *Id.* Plaintiff submitted the amended complaint, as ordered, (ECF No. 5), along with an application to proceed IFP, (ECF No. 6). That same day, this Court granted Plaintiff's request to proceed IFP. (ECF No. 7). The Order granting Plaintiff's IFP application specifically directs Plaintiff to file a notice of change of address with the court within 30 days of any such change, failing which this matter would be subject to dismissal. *Id.* This Order has not been

returned as undeliverable.

Upon preservice review of Plaintiff's amended complaint, this Court noted potential legal and factual deficiencies with his claims and ordered him to submit a second amended complaint by November 20, 2024. (ECF No. 10). Plaintiff submitted a Second Amended Complaint on November 25, 2024. (ECF No. 11). That same day, this Court ordered that the Second Amended Complaint be served on the Defendant and directed the Defendant to answer or otherwise respond to the lawsuit within 21 days of service. (ECF No. 12).

On January 2, 2025, Plaintiff filed a motion to further amend his Second Amended Complaint. (ECF No. 16). That same day, Defendant filed her Answer to the Second Amended Complaint. (ECF No. 17). On January 17, 2025, this Court ordered the Defendant to either file a motion for summary judgment on the issue of whether Plaintiff properly exhausted his administrative remedies before filing suit in accordance with 42 U.S.C. § 1997e(a) by March 18, 2025, or promptly file a notice informing the Court that the Defendant did not intend to pursue such a defense at trial. (ECF No. 18). This Court subsequently denied Plaintiff's motion to further amend his Second Amended Complaint for failure to comply with the Local Rules. (ECF No. 20). On January 27, 2025, the Court received the consents of all parties to the jurisdiction of the magistrate judge to conduct the proceedings in this matter and for the entry of judgment. (ECF No. 21).

On March 18, 2025, Defendant filed a Motion for Partial Summary Judgment for Failure to Exhaust Administrative Remedies, along with a memorandum, statement of facts, and four exhibits in support. (ECF Nos. 25-27). The next day, this Court ordered Plaintiff to respond to Defendant's Motion for Summary Judgment and provided instructions on how to respond. (ECF No. 28). Further, this Court ordered Plaintiff to submit his response by April 9, 2025, failing which

this matter would be subject to dismissal. *Id.*

On March 20, 2025, Plaintiff's mail was returned to sender as undeliverable and marked "not deliverable as addressed," "unable to forward." (ECF No. 29). Consistent with the Court's previous order, Plaintiff's new address was therefore due by April 21, 2025. *Id.* On April 1, 2025, more of Plaintiff's mail was returned to sender as undeliverable and marked "attempted, not known," and "unable to forward." (ECF No. 30). Plaintiff has not submitted a response to the Defendant's Motion for Summary Judgment and the deadline for doing so has passed. Further, Plaintiff's mail has been returned as undeliverable and Plaintiff has not provided the Court and parties with his updated address within 30 days of a change in address as previously ordered. Indeed, Plaintiff has not communicated with the Court since filing a motion to further amend the Second Amended Complaint over three months ago.

## DISCUSSION

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Further, pursuant to Federal Rule of Civil Procedure 41(b), the district court has discretion to dismiss an action for "failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order." *See* Fed. R. Civ. P. 41(b); *Henderson v. Renaissance Grand Hotel*,

267 F. App'x 496, 497 (8th Cir. 2008) (per curiam).

Here, Plaintiff was previously ordered to update the Court with any change of address within 30 days of any such change, but more than 30 days have elapsed since Plaintiff's mail was returned as undeliverable, and Plaintiff has not updated the Court with his current address. Further, Plaintiff was ordered to respond to Defendant's Motion for Summary Judgment by April 9, 2025, failing which this matter would be subject to dismissal. (ECF No. 28). But that deadline has also passed, and Plaintiff has failed to provide any response. Indeed, Plaintiff has failed to communicate with this Court in any way since filing a motion to further amend his complaint over three months ago. *See* (ECF No. 16). Plaintiff, therefore, has failed to comply with court orders and has failed to prosecute this action. Accordingly, this case is subject to dismissal.

## ORDER

Thus, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds Plaintiff's Second Amended Complaint (ECF No. 11) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this **7th day of May 2025**.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE